SCHROEDER, Circuit Judge,
dissenting.
This is a very troubling and confusing case. The crime was a highly publicized triple murder-robbery in the Tucson area. Fong was only seventeen at the time the crime was committed. There were no eyewitnesses. The principal trial witnesses were hardly upstanding citizens. The police informant, Woods, had only recently been released from prison and, absent cooperation, would have soon been back in prison on drug charges. The owner of the getaway car was a known cocaine user. The prosecution had very little direct evidence linking the three defendants, Fong, McCrimmon, and Minnitt, to the crime. McCrimmon’s fingerprints were on the getaway car, and Fong’s fingerprints were at the scene of the robbery. During the trial Fong was apparently referred to by several different names, including Chachi and Martinez, while another person, also named Martin, may also have been called Chachi.
What is now clear is that in order to bolster the dubious credibility of the informant, Woods, the prosecution knowingly put on perjured testimony of the police investigator, Godoy. While Godoy lied at the trials of all of the defendants, this fact came out only after Fong’s conviction had become final and the convictions of the other two defendants had been reversed for juror coercion. In their retrials, where the perjury was disclosed, McCrimmon was acquitted, and Minnitt’s jury hung, and he was eventually freed on double jeopardy grounds.
Fong’s prosecutor was ultimately disbarred for the knowing use of perjured testimony in the original trials of Minnitt and McCrimmon. See State v. Minnitt, 203 Ariz. 431, 55 P.3d 774 (2002). Fong, however, has served more than twenty years in prison for the murders.
The informant, Woods, provided damaging testimony in Fong’s trial. The prosecution could not put Woods on the stand in Fong’s trial because he would testify to the alleged confession of McCrimmon and Minnitt, whom Fong could not cross-examine. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (holding that testimony recounting a co-defendant’s confession violated the Confrontation Clause and due process). Fong’s own attorney called the informant as a witness, hoping, without any legal basis whatsoever, that he would be able to limit the testimony to identifying Minnitt, McCrimmon, and a person named “Cha-chi,” and to exclude any description of “Chachi” that would identify him as Fong. The cherry-picking attempt failed. See State v. Soto-Fong, 187 Ariz. 186, 928 P.2d 610, 618 (1996). Woods’ testimony inevitably inculpated Fong.
It is, of course, quite possible that Fong would have been convicted without Woods’ testimony. But with that testimony, there was no way that the jury could have failed to convict Fong. His own lawyer put the nail in his coffin. In the original appeal, the state Supreme Court opinion emphasized that Fong put Woods on as a wit *982 ness, and disclaimed any intent to second guess the strategy. The court said:
Having chosen a strategy which brought into issue portions of McCrimmon’s and Minnitt’s statements to Woods, defendant cannot complain that the court should have precluded the state from introducing additional portions of those same statements.
Soto-Fong, 928 P.2d at 618.
Fong raised multiple issues before the district court, but the district court correctly identified the two most important for certification on appeal: the knowing use of the perjured testimony of Godoy, and the conduct of defense counsel in calling Woods to the stand.
The majority accurately explains that Godoy’s false testimony played a lesser role in Fong’s trial than it did in the later trial of McCrimmon and Minnitt. Godoy, in order to bolster Woods’ credibility, lied about learning for the first time from Woods about the trio’s involvement. The lie was less critical here than in the other trials because there was strong evidence, apart from Woods’ statements, that Fong was involved. There was thus less need to bolster Woods’ credibility. Godoy’s testimony nevertheless reinforced Woods’ testimony and out-of-court statements that implicated Fong and that were key to his conviction.
It is also probable that had Fong’s attorney not put Woods on the stand to testify about what Woods told the police, the perjured testimony of Godoy as to the importance of Woods’ statements would have played a more important role in Fong’s trial, and become nearly as important as Godoy’s perjury was in the trials of McCrimmon and Minnitt, perjury that eventually resulted in their walking free. If Fong’s attorney had not called Woods, the jury would have been able to assess the credibility of Woods’ statements only by assessing the credibility of Godoy.
Because the jury convicted Fong after a trial marked by perjury and incompetence, I conclude that Fong did not receive a fair trial. The district court should have granted him habeas relief. 28 U.S.C. § 2254(d).
I therefore respectfully dissent.